

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | **JURY CHARGE** |
| VS. | § § § | CR. NO..8:04-cr-00745 |
| RONALD A. McIVER | § § § | |

---

**DUTIES OF JURY TO FIND FACTS & FOLLOW LAW**

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE AND THE ARGUMENTS OF THE LAWYERS, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW THAT APPLIES TO THIS CASE. THESE INSTRUCTIONS WILL BE IN THREE PARTS: FIRST, THE INSTRUCTIONS ON GENERAL RULES THAT DEFINE AND CONTROL THE JURY'S DUTIES; SECOND, THE INSTRUCTIONS THAT STATE THE RULES OF LAW YOU MUST APPLY, *I.E.*, WHAT THE GOVERNMENT MUST PROVE TO MAKE THE CASE; AND THIRD, SOME RULES FOR YOUR DELIBERATIONS.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU MUST APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES OR SYMPATHIES. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU AND ACCORDING TO THE LAW. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. AND

YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING I MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN - THAT IS A MATTER ENTIRELY FOR YOU TO DECIDE.

THE INDICTMENT, OR FORMAL CHARGE, AGAINST ANY DEFENDANT IS NOT EVIDENCE OF GUILT. INDEED, THE DEFENDANT IS PRESUMED BY THE LAW TO BE INNOCENT. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HIS INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL. THE GOVERNMENT HAS THE BURDEN OF PROVING A DEFENDANT IS GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO PROVE THE DEFENDANT IS GUILTY  YOU MUST FIND THE DEFENDANT NOT GUILTY.

WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

ALTHOUGH THE DEFENDANT HAS BEEN INDICTED, YOU MUST REMEMBER THAT AN INDICTMENT IS ONLY AN ACCUSATION.  IT IS NOT EVIDENCE.  THE DEFENDANT HAS PLEADED NOT GUILTY TO THAT INDICTMENT.  AS A RESULT OF THE DEFENDANT'S PLEA OF NOT GUILTY, THE BURDEN IS ON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. IT IS NEVER THE BURDEN FOR A DEFENDANT TO PROVE HIMSELF INNOCENT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE SIMPLE REASON THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

THE LAW PRESUMES THE DEFENDANT TO BE INNOCENT OF THE CHARGES AGAINST HIM.  I THEREFORE, INSTRUCT YOU THAT THE DEFENDANT IS TO BE PRESUMED BY YOU TO BE INNOCENT AT THIS TIME AND THROUGHOUT YOUR

DELIBERATIONS UNLESS YOU, AS A JURY, ARE SATISFIED THAT THE GOVERNMENT HAS PROVEN HIM GUILTY BEYOND A REASONABLE DOUBT.

THE DEFENDANT BEGAN THE TRIAL HERE WITH A CLEAN SLATE AND A PRESUMPTION OF INNOCENCE WHICH REMAINS WITH HIM NOW EVEN AS I INSTRUCT YOU AND WILL CONTINUE WITH THE DEFENDANT INTO YOUR DELIBERATIONS UNLESS YOU ARE CONVINCED THAT THE GOVERNMENT HAS PROVEN HIS GUILT BEYOND A REASONABLE DOUBT.

IF THE GOVERNMENT HAS FAILED TO CARRY THIS BURDEN, IT WOULD BE YOUR DUTY, UNDER THE OATH THAT YOU TOOK AT THE BEGINNING OF THIS CASE, TO FIND THE DEFENDANT NOT GUILTY.

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE CONSISTS OF:

(1)    THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESSES; AND

(2)    THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE. DURING THE TRIAL SEVERAL ITEMS WERE RECEIVED INTO EVIDENCE AS EXHIBITS. THESE EXHIBITS WILL BE SENT INTO THE JURY ROOM WITH YOU WHEN YOU BEGIN TO DELIBERATE. EXAMINE THE EXHIBITS IF YOU THINK IT WOULD HELP YOU IN YOUR DELIBERATIONS.

THERE ARE TWO KINDS OF EVIDENCE THE LAW RECOGNIZES: DIRECT AND CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY OF AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, PROOF OF A CHAIN OF FACTS FROM WHICH YOU COULD FIND THAT ANOTHER FACT EXISTS, EVEN THOUGH IT HAS NOT BEEN PROVED DIRECTLY. YOU ARE ENTITLED TO CONSIDER BOTH KINDS OF EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY OF THE EVIDENCE IN THIS CASE.

3

IT IS FOR YOU TO DECIDE WHETHER A FACT HAS BEEN PROVED BY CIRCUMSTANTIAL EVIDENCE. IN MAKING THAT DECISION, YOU MUST CONSIDER ALL THE EVIDENCE IN THE LIGHT OF REASON, COMMON SENSE, AND EXPERIENCE. YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE. AFTER WEIGHING ALL THE EVIDENCE IF YOU ARE NOT CONVINCED OF THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, YOU MUST FIND THE DEFENDANT NOT GUILTY.

IN REACHING YOUR VERDICT, YOU MAY CONSIDER ONLY THE TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE. CERTAIN THINGS ARE NOT EVIDENCE, AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE FACTS ARE. I WILL LIST THESE THINGS FOR YOU:

1) ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS, AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE STATED THEM, THEN YOUR MEMORY OF THEM CONTROLS.

2) QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE THAT A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY ANY OF THE OBJECTIONS OR BY MY RULING ON ANY OF THEM. IF THE OBJECTION WAS SUSTAINED, YOU SHOULD DISREGARD THE QUESTION OF THE ATTORNEY. IF THE OBJECTION WAS OVERRULED, TREAT THE ANSWER AS ANY OTHER.

3) TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED. YOU MUST DISREGARD THIS TESTIMONY. IN ADDITION, IF

TESTIMONY OR EXHIBITS HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE, YOU MUST FOLLOW THE LIMITING INSTRUCTIONS I HAVE GIVEN.

4) ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THIS CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL

IN DECIDING WHAT THE FACTS ARE, YOU MUST CONSIDER ALL OF THE EVIDENCE. IN DOING THIS, YOU MUST DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY, OR BELIEVABILITY, OF EACH WITNESS. YOU MUST DECIDE FOR YOURSELVES WHETHER TO BELIEVE THE TESTIMONY OF ANY WITNESS. YOU MAY BELIEVE ALL OR ANY PART OR NOTHING OF WHAT A WITNESS SAID WHILE ON THE STAND. IN DETERMINING WHETHER TO BELIEVE ANY WITNESS, YOU SHOULD APPLY THE SAME TESTS OF TRUTHFULNESS WHICH YOU APPLY IN YOUR OWN EVERYDAY AFFAIRS. IN DOING THIS, YOU MAY TAKE INTO ACCOUNT A NUMBER OF FACTORS INCLUDING THE FOLLOWING:

1) WAS THE WITNESS ABLE TO SEE, OR HEAR, OR KNOW THE THINGS ABOUT WHICH THAT WITNESS TESTIFIED?

2) HOW WELL WAS THE WITNESS ABLE TO RECALL AND DESCRIBE THOSE THINGS?

3) WHAT WAS THE WITNESS'S MANNER WHILE TESTIFYING?

4) DID THE WITNESS HAVE AN INTEREST IN THE OUTCOME OF THIS CASE OR ANY BIAS OR PREJUDICE CONCERNING ANY PARTY OR ANY MATTER INVOLVED IN THE CASE?

5) HOW REASONABLE WAS THE WITNESS'S TESTIMONY CONSIDERED IN LIGHT OF ALL THE EVIDENCE IN THE CASE?

6) WAS THE WITNESS'S TESTIMONY CONTRADICTED BY WHAT THAT WITNESS HAS SAID OR DONE AT ANOTHER TIME, OR BY THE TESTIMONY OF OTHER WITNESSES, OR BY OTHER EVIDENCE?

IN DECIDING WHETHER OR NOT TO BELIEVE A WITNESS, KEEP IN MIND THAT PEOPLE SOMETIMES FORGET THINGS. YOU NEED TO CONSIDER THEREFORE WHETHER A CONTRADICTION BY A WITNESS IS AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD, AND THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY A SMALL DETAIL.
IF YOU DECIDE TO ACCEPT A WITNESS'S TESTIMONY AFTER CONSIDERING IT IN LIGHT OF ALL THE EVIDENCE IN THIS CASE, YOU MAY GIVE IT WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS. THE FACT THAT A WITNESS MAY BE EMPLOYED BY THE FEDERAL, STATE, OR LOCAL GOVERNMENT AS A LAW ENFORCEMENT OFFICIAL DOESN'T MEAN THAT HIS OR HER TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

IT IS YOUR DECISION AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF A LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY YOU FIND IT DESERVES.

AS STATED BEFORE, A DEFENDANT HAS A RIGHT NOT TO TESTIFY. IF A DEFENDANT DOES TESTIFY, HOWEVER, YOU SHOULD DECIDE IN THE SAME WAY AS THAT OF ANY OTHER WITNESS WHETHER YOU BELIEVE HIS TESTIMONY.

THE WEIGHT OF THE EVIDENCE PRESENTED BY EACH SIDE DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES TESTIFYING ON ONE SIDE OR THE OTHER. DO NOT MAKE ANY DECISIONS BASED ON THE NUMBER OF WITNESSES WHO TESTIFIED. WHAT IS MORE IMPORTANT IS HOW BELIEVABLE

THE WITNESSES WERE, AND HOW MUCH WEIGHT YOU THINK THEIR TESTIMONY DESERVED.  CONCENTRATE ON THAT, NOT THE NUMBERS.

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.

THIS CASE IS IMPORTANT TO THE GOVERNMENT, FOR THE ENFORCEMENT OF CRIMINAL LAW IS A MATTER OF PRIME CONCERN IN THE COMMUNITY. EQUALLY, IT IS IMPORTANT TO THE DEFENDANT WHO IS CHARGED WITH SERIOUS CRIMES.

THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO ANY PARTY TO A LITIGATION.  BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION.  ALL PARTIES, WHETHER GOVERNMENT OR INDIVIDUALS, STAND AS EQUAL AT THE BAR OF JUSTICE.

UNDER YOUR OATH AS JURORS, YOU ARE NOT TO BE SWAYED BY SYMPATHY.  YOU ARE TO BE GUIDED SOLELY BY THE EVIDENCE IN THIS CASE, AND THE CRUCIAL HARD-CORE QUESTION THAT YOU MUST ASK YOURSELF AS YOU SIFT THROUGH EVIDENCE IS: HAS THE GOVERNMENT PROVEN THE GUILT OF THE  DEFENDANT BEYOND A REASONABLE DOUBT?

IT IS FOR YOU ALONE TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THAT  DEFENDANT IS GUILTY OF THE CRIME CHARGED SOLELY ON THE BASIS OF THE EVIDENCE AND SUBJECT TO THE LAW AS I CHARGE YOU.  IT MUST BE CLEAR TO YOU THAT ONCE YOU LET FEAR OR PREJUDICE, OR BIAS OR SYMPATHY INTERFERE WITH YOUR THINKING, THERE IS RISK THAT YOU WILL NOT ARRIVE AT A TRUE AND JUST VERDICT.

IF YOU HAVE A REASONABLE DOUBT AS A DEFENDANT'S GUILT, YOU SHOULD NOT HESITATE FOR ANY REASON TO FIND A VERDICT OF NOT GUILTY. BUT, ON THE OTHER HAND, IF YOU SHOULD FIND THAT THE GOVERNMENT HAS MET ITS BURDEN OF PROVING THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT, YOU SHOULD NOT HESITATE BECAUSE OF SYMPATHY OR ANY OTHER REASON TO RENDER A VERDICT OF GUILTY.

REASONABLE DOUBT

THUS, WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT.  IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

YOU HAVE BEEN INSTRUCTED THAT THE GOVERNMENT MUST PROVE ALL ELEMENTS OF THE CHARGED OFFENSES "BEYOND A REASONABLE DOUBT".  THE LAW PRESUMES THAT "REASONABLE DOUBT" IS A CONCEPT WITHIN THE ORDINARY COMPETENCE OF A JURY, THAT IS, THAT YOU WILL BE ABLE TO APPLY REASONABLE DOUBT ACCORDING TO ITS PLAIN, ORDINARY, AND EVERYDAY MEANINGS.  THERE, I WILL NOT DEFINE ANY FURTHER WHAT IS – OR IS NOT– A "REASONABLE DOUBT".

THE QUESTION OF POSSIBLE PUNISHMENT OF THE DEFENDANT IS OF NO CONCERN TO THE JURY AND SHOULD NOT, IN ANY SENSE, ENTER INTO OR INFLUENCE YOUR DELIBERATIONS.  IF THE DEFENDANT IN ANY CASE IS FOUND GUILTY, THE DUTY OF IMPOSING A SENTENCE RESTS EXCLUSIVELY UPON THE COURT.  YOUR FUNCTION IS TO WEIGH THE EVIDENCE IN THE CASE AND TO DETERMINE WHETHER OR NOT THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT IS  GUILTY BEYOND A REASONABLE DOUBT, SOLELY UPON THE BASIS OF SUCH EVIDENCE.  UNDER YOUR OATH AS JURORS, YOU CANNOT ALLOW

**8**

A CONSIDERATION OF THE PUNISHMENT WHICH MAY BE IMPOSED ON THE DEFENDANT, IF HE IS CONVICTED, TO INFLUENCE YOUR VERDICT IN ANY WAY, OR IN ANY SENSE, ENTER INTO YOUR DELIBERATIONS.

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL. AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES." AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA. IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE INCLUDING THAT OF OTHER "EXPERT WITNESSES", YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU --THE JURY-- ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

YOU HAVE HEARD EVIDENCE THAT DEFENDANT ALLEGEDLY ENGAGED IN CERTAIN BAD CONDUCT IN THE PAST. THE LAW ALLOWS THIS KIND OF EVIDENCE FOR CERTAIN LIMITED PURPOSES. FOR EXAMPLE, THIS EVIDENCE MAY PROPERLY BE CONSIDERED TO PROVE THE DEFENDANT'S MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE, IDENTITY, OR ABSENCE OF MISTAKE OR ACCIDENT. PLEASE KEEP IN MIND THE LIMITED PURPOSE FOR WHICH THIS EVIDENCE WAS ADMITTED. MOST IMPORTANTLY, DO NOT CONCLUDE FROM THIS EVIDENCE THAT THE DEFENDANT HAS BAD CHARACTER IN GENERAL. NOR SHOULD YOU CONCLUDE THAT, BECAUSE THE DEFENDANT MAY HAVE ENGAGED IN BAD CONDUCT IN THE PAST, HE IS MORE LIKELY TO HAVE COMMITTED THE CRIME WITH WHICH HE IS CURRENTLY CHARGED.

IN DETERMINING WHAT WEIGHT TO GIVE THIS EVIDENCE, IF ANY, YOU SHOULD CONSIDER THE CREDIBILITY OF THE WITNESS(ES) AND "THE TOTALITY OF THE CIRCUMSTANCES" SURROUNDING THE ALLEGED STATEMENTS. WHETHER THE EVIDENCE IS ENTIRELY CREDIBLE, PARTIALLY CREDIBLE, OR NOT CREDIBLE AT ALL, IS ENTIRELY FOR YOU TO DECIDE.

WITH THESE PRELIMINARY INSTRUCTIONS IN MIND, LET US TURN NOW TO THE SPECIFIC CHARGES AGAINST THE DEFENDANT AS CONTAINED IN THE INDICTMENT. I REMIND YOU THAT AN INDICTMENT ITSELF IS NOT EVIDENCE. IT MERELY DESCRIBES THE CHARGE MADE AGAINST THE DEFENDANT. IT IS AN ACCUSATION. IT MUST NOT BE CONSIDERED BY YOU AS ANY EVIDENCE OF THE GUILT OF THE DEFENDANT.

I WILL NOW INSTRUCT YOU ON THE LAW APPLICABLE TO THE CHARGES AGAINST THE DEFENDANT.

BECAUSE OF THE LENGTH OF THE INDICTMENT I AM GOING TO GIVE YOU THE INDICTMENT.  AGAIN, THE INDICTMENT IS NOT EVIDENCE.  IT IS A RECITATION OF WHAT THE GOVERNMENT ALLEGES THE DEFENDANT DID WRONG.  THE GOVERNMENT HAS THE BURDEN OF PROVING BEYOND A REASONABLE DOUBT THE ALLEGATIONS IN THE INDICTMENT.

ADDITIONALLY, THIS IS A MULTI-COUNT INDICTMENT.  THEREFORE, YOU MUST CONSIDER EACH COUNT OF THE INDICTMENT INDEPENDENTLY.  IT IS POSSIBLE YOU MAY FIND THE DEFENDANT GUILTY OF SOME OF THE COUNTS AND NOT GUILTY OF OTHERS BASED UPON YOUR VIEW OF THE EVIDENCE.

THAT BEGINNING AT A DATE UNKNOWN TO THE GRAND JURY, BUT AT LEAST FROM IN OR ABOUT THE SUMMER OF 2000, AND CONTINUING THEREAFTER TO IN OR ABOUT APRIL 2004, IN THE DISTRICT OF SOUTH CAROLINA, THE DEFENDANT, RONALD A. MCIVER, USING A SPECIAL SKILL, KNOWINGLY AND INTENTIONALLY, DID COMBINE, CONSPIRE, CONFEDERATE AND AGREE AND HAVE A TACIT UNDERSTANDING WITH VARIOUS OTHER PERSONS, BOTH KNOWN AND UNKNOWN TO THE GRAND JURY, TO UNLAWFULLY DISTRIBUTE AND DISPENSE AND CAUSE TO BE DISTRIBUTED AND DISPENSED, OUTSIDE THE USUAL COURSE OF MEDICAL PRACTICE AND FOR OTHER THAN LEGITIMATE MEDICAL PURPOSES, APPROXIMATELY 6,154 GRAMS OF OXYCODONE, A SCHEDULE II CONTROLLED SUBSTANCE IN THE FORMS OF OXYCONTIN, OXYIR AND ROXICODONE;  APPROXIMATELY 100.4 GRAMS OF HYDROMORPHONE, A SCHEDULE II CONTROLLED SUBSTANCE IN THE FORM OF DILAUDID; APPROXIMATELY 253.3 GRAMS OF MORPHINE, A SCHEDULE II CONTROLLED SUBSTANCE IN THE FORMS OF AVINZA AND MSIR; AND APPROXIMATELY 14,493 GRAMS OF METHADONE, A SCHEDULE II CONTROLLED SUBSTANCE;

11

AND DEATH AND SERIOUS INJURY RESULTED FROM THE USE OF THE
SCHEDULE II CONTROLLED SUBSTANCES, IN VIOLATION OF TITLE 21,
UNITED STATES CODE, § 841.  IN VIOLATION OF TITLE 21, UNITED STATES
CODE, § 846.

I CHARGE YOU THAT THE DRUGS DESCRIBED IN THE INDICTMENT
ARE CONTROLLED SUBSTANCES WITHIN THE MEANING OF THESE
INSTRUCTIONS.

THE CHARGE IS THAT THE CONSPIRACY INVOLVED ALL OF THOSE
CONTROLLED SUBSTANCES.  THE GOVERNMENT DOESN'T HAVE TO PROVE
THAT IT INVOLVED ALL OF THEM, IT HAS TO PROVE THAT IT INVOLVED AT
LEAST ONE OF THOSE CONTROLLED SUBSTANCES.
TITLE 21, UNITED STATES CODE, § 846, READS IN PERTINENT PART:

"ANY PERSON WHO ... CONSPIRES TO COMMIT ANY OFFENSE DEFINED
IN THIS SUBCHAPTER ..."

SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.
DISPENSING OR DISTRIBUTING A CONTROLLED SUBSTANCE UNLAWFULLY
IS A CRIME CHARGED IN THIS SUBCHAPTER, AND THE DEFENDANT IS
CHARGED WITH A CONSPIRACY TO DO SO.

THERE ARE TWO ESSENTIAL ELEMENTS REQUIRED TO BE PROVEN IN
ORDER TO ESTABLISH THE OFFENSE OF CONSPIRACY AS CHARGED IN THE
INDICTMENT:

FIRST: THE CONSPIRACY, AGREEMENT OR UNDERSTANDING TO
DISTRIBUTE OR DISPENSE THE CONTROLLED SUBSTANCES ALLEGED IN
COUNT 1 WAS FORMED, REACHED OR ENTERED INTO BY TWO OR MORE
PERSONS; AND

SECOND: AT SOME TIME DURING THE EXISTENCE OF THE CONSPIRACY, AGREEMENT OR UNDERSTANDING, THE DEFENDANT IN QUESTION KNEW THE PURPOSE OF THE AGREEMENT AND THEN DELIBERATELY JOINED THE CONSPIRACY OR AGREEMENT OR UNDERSTANDING.

A CRIMINAL CONSPIRACY IS AN AGREEMENT OR A MUTUAL UNDERSTANDING KNOWINGLY MADE OR KNOWINGLY ENTERED INTO BY AT LEAST TWO PEOPLE TO VIOLATE THE LAW BY SOME JOINT OR COMMON PLAN OR COURSE OF ACTION. A CONSPIRACY IS, IN A VERY TRUE SENSE, A PARTNERSHIP IN CRIME.

A CONSPIRACY OR AGREEMENT TO VIOLATE THE LAW, LIKE ANY OTHER KIND OF AGREEMENT OR UNDERSTANDING, NEED NOT BE FORMAL OR EVEN EXPRESSED DIRECTLY IN EVERY DETAIL.

THE GIST OR GRAVAMEN OF THE CRIME OF CONSPIRACY IS AN AGREEMENT TO EFFECTUATE A CRIMINAL ACT. THE EXISTENCE OF A CONSPIRATORIAL AGREEMENT NEED NOT BE PROVEN BY DIRECT EVIDENCE BUT MAY BE INFERRED FROM THE FACTS AND CIRCUMSTANCES OF THE CASE, THAT IS, CIRCUMSTANCES INDICATING THAT TWO OR MORE PERSONS ACTED IN CONCERT TO ACHIEVE AN ILLEGAL GOAL.

ONCE THE EXISTENCE OF A CONSPIRACY IS ESTABLISHED, EVIDENCE ESTABLISHING BEYOND A REASONABLE DOUBT OF A CONNECTION OF A DEFENDANT WITH THE CONSPIRACY, EVEN THOUGH THE CONNECTION IS SLIGHT, IS SUFFICIENT TO CONVICT HIM WITH KNOWING PARTICIPATION IN THE CONSPIRACY.

IT IS NOT NECESSARY TO PROVE A FORMAL AGREEMENT TO ESTABLISH A CONSPIRACY IN VIOLATION OF FEDERAL LAW; A TACIT OR MUTUAL UNDERSTANDING AMONG OR BETWEEN THE PARTIES WILL SUFFICE.  THE FOCUS OF A CONSPIRACY CHARGE IS THE AGREEMENT TO VIOLATE THE LAW, NOT WHETHER THE CONSPIRATORS HAVE WORKED OUT THE DETAILS OF THEIR CONFEDERATED CRIMINAL UNDERTAKINGS. TO VIOLATE 21 U.S.C., § 846, THERE NEED ONLY BE PROOF THE CONSPIRATORS AGREED TO JOINTLY UNDERTAKE PROHIBITED CONDUCT, NOT TO DO SO WITH A SPECIFIC DRUG AMOUNT IN MIND.  THE EMPHASIS OF CONSPIRACY LAW IS UPON THE ACT, THE AGREEMENT TO VIOLATE THE LAW, NOT THE DRUG AMOUNT.

IT IS NOT NECESSARY TO THE PROOF OF A CONSPIRACY THAT IT HAVE A DISCRETE, IDENTIFIABLE ORGANIZATIONAL STRUCTURE.  THE AGREEMENT TO ACT TOGETHER NEED NOT RESULT IN ANY SUCH FORMAL STRUCTURE.  IT MAY BE ONLY A LOOSELY-KNIT, HAPHAZARD, OR ILL-CONCEIVED ASSOCIATION OF MEMBERS LINKED ONLY BY THEIR MUTUAL INTEREST IN SUSTAINING THE OVERALL ENTERPRISE OF CATERING TO THE DEMANDS OF A PARTICULAR DRUG CONSUMPTION MARKET.  SUCH AN AGREEMENT MAY BE PROVED BY CIRCUMSTANTIAL EVIDENCE.

IN ADDITION TO PROVING THE EXISTENCE OF THE CONSPIRACY BEYOND A REASONABLE DOUBT, THE GOVERNMENT MUST ALSO PROVE A DEFENDANT'S CONNECTION TO THE CONSPIRACY BEYOND A REASONABLE DOUBT.  HOWEVER, THE GOVERNMENT NEED NOT PROVE THAT THE DEFENDANT  KNEW THE PARTICULARS OF THE CONSPIRACY OR ALL OF THE COCONSPIRATORS.

**14**

A DEFENDANT MAY BE A MEMBER OF A CONSPIRACY WITHOUT KNOWING ITS FULL SCOPE, OR ALL OF ITS MEMBERS, AND WITHOUT TAKING PART IN THE FULL RANGE OF ITS ACTIVITIES OR OVER THE WHOLE PERIOD OF ITS EXISTENCE.  BUT, IF HE JOINS THE CONSPIRACY  WITH AN UNDERSTANDING OF THE UNLAWFUL NATURE AND WILLFULLY JOINS IN THE PLAN ON ONE OCCASION, IT IS SUFFICIENT TO CONVICT HIM OF CONSPIRACY, EVEN THOUGH HE HAD NOT PARTICIPATED BEFORE AND EVEN THOUGH HE PLAYED ONLY A MINOR PART.  A DEFENDANT'S PARTICIPATION IN A CONSPIRACY NEED NOT  BE EXPLICIT, AND IT MAY BE INFERRED FROM CIRCUMSTANTIAL EVIDENCE.

AS TO COUNTS 2 THROUGH 15 :

THE PROSECUTION IN THIS CASE IS BASED UPON A STATUTE WHICH IS FEDERAL LAW, TITLE 21, UNITED STATES CODE, § 841(A)(1) WHICH READS IN PERTINENT PART AS FOLLOWS:

"EXCEPT AS AUTHORIZED BY THIS SUBCHAPTER, IT SHALL BE UNLAWFUL FOR ANY PERSON KNOWINGLY OR INTENTIONALLY TO . . . DISTRIBUTE OR DISPENSE . . . A CONTROLLED SUBSTANCE"

THIS DEFENDANT IS A PHYSICIAN, AND UNDER THESE SECTIONS, HE FALLS UNDER THE CATEGORY "EXCEPT AS AUTHORIZED BY THIS SUBCHAPTER", BECAUSE AS A PHYSICIAN REGISTERED WITH THE DRUG ENFORCEMENT ADMINISTRATION, HE HAD THE RIGHT TO WRITE THESE PRESCRIPTIONS, AND HE HAD THE RIGHT TO HAVE THESE DRUGS DISPENSED OR TO DISTRIBUTE THEM, AND THAT'S WHY YOU HAVE HEARD THE PHRASE "OUTSIDE THE USUAL COURSE OF MEDICAL PRACTICE AND FOR OTHER THAN A LEGITIMATE MEDICAL PURPOSE".

**15**

TO FIND THE DEFENDANT GUILTY OF THE CHARGES IN COUNTS 2 THROUGH 15 THE GOVERNMENT MUST PROVE THE FOLLOWING THREE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*FIRST*: THAT THE DEFENDANT KNOWINGLY OR INTENTIONALLY DISTRIBUTED OR DISPENSED THE CONTROLLED SUBSTANCES ALLEGED IN THE INDICTMENT;

AS TO THE FIRST ESSENTIAL ELEMENT, THAT THE DEFENDANT KNOWINGLY OR INTENTIONALLY DISTRIBUTED OR DISPENSED THE CONTROLLED SUBSTANCES ALLEGED IN THE INDICTMENT. A PERSON DISTRIBUTES SOMETHING WHEN HE PASSES IT FROM HIMSELF TO SOMEONE ELSE. THE TERM DISPENSE MEANS TO DELIVER A CONTROLLED SUBSTANCE TO AN ULTIMATE USER BY PRESCRIBING A CONTROLLED SUBSTANCE.

THERE ARE OTHER WAYS TO DISPENSE, BUT ONE OF THOSE WAYS IS BY PRESCRIBING.

THE GOVERNMENT MAY PROVE THIS FIRST ELEMENT BY CONVINCING YOU BEYOND A REASONABLE DOUBT EITHER THAT A DEFENDANT DELIVERED THE DRUG TO THE ULTIMATE USER OR THAT THE DEFENDANT WROTE A PRESCRIPTION FOR THE DRUG AND GAVE THAT TO THE ULTIMATE USER.

THE DISTRIBUTION OR DISPENSING OF THE DRUG MUST BE KNOWINGLY OR WILLFULLY OR INTENTIONALLY DONE.

*SECOND*: THAT AT THE TIME OF SUCH DISTRIBUTION OR DISPENSATION, THE DEFENDANT KNEW THAT THE SUBSTANCES

16

DISTRIBUTED OR DISPENSED WERE CONTROLLED SUBSTANCES UNDER THE LAW; AND

*THIRD*: THAT THE DEFENDANT PRESCRIBED THE CONTROLLED SUBSTANCES OUTSIDE THE BOUNDS OF HIS PROFESSIONAL MEDICAL PRACTICE.

AS TO THE THIRD ESSENTIAL ELEMENT, IMPLICIT IN THE REGISTRATION OF A PHYSICIAN WITH THE DRUG ENFORCEMENT ADMINISTRATION TO BE ALLOWED TO DISPENSE CONTROLLED SUBSTANCES IS THE UNDERSTANDING THAT HE IS AUTHORIZED ONLY TO ACT AS A PHYSICIAN, AND WHEN HE ACTS OUTSIDE THE BOUNDS OF HIS PROFESSIONAL MEDICAL PRACTICE IN PRESCRIBING THE CONTROLLED SUBSTANCES, HE IS DOING SO IN AN UNLAWFUL MANNER.

THERE ARE NO SPECIFIC GUIDELINES CONCERNING WHAT IS REQUIRED TO SUPPORT A CONCLUSION THAT A DEFENDANT PHYSICIAN ACTED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE AND FOR OTHER THAN A LEGITIMATE MEDICAL PURPOSE. IN MAKING A MEDICAL JUDGMENT CONCERNING THE RIGHT TREATMENT FOR AN INDIVIDUAL PATIENT, PHYSICIANS HAVE DISCRETION TO CHOOSE AMONG A WIDE RANGE OF OPTIONS. THEREFORE, IN DETERMINING WHETHER A DEFENDANT ACTED WITHOUT A LEGITIMATE MEDICAL PURPOSE, YOU SHOULD EXAMINE ALL OF A DEFENDANT'S ACTIONS AND THE CIRCUMSTANCES SURROUNDING THE SAME.

IF A DOCTOR DISPENSES A DRUG IN GOOD FAITH, IN MEDICALLY TREATING A PATIENT, THEN THE DOCTOR HAS DISPENSED THAT DRUG FOR

A LEGITIMATE MEDICAL PURPOSE IN THE USUAL COURSE OF MEDICAL PRACTICE. THAT IS, HE HAS DISPENSED THE DRUG LAWFULLY.

GOOD FAITH IN THIS CONTEXT MEANS GOOD INTENTIONS, AND THE HONEST EXERCISE OF PROFESSIONAL JUDGMENT AS TO THE PATIENT'S NEEDS. IT MEANS THAT THE DEFENDANT ACTED IN ACCORDANCE WITH WHAT HE REASONABLY BELIEVED TO BE PROPER MEDICAL PRACTICE. IF YOU FIND THAT A DEFENDANT ACTED IN GOOD FAITH IN DISPENSING THE DRUGS CHARGED IN THIS INDICTMENT, THEN YOU MUST FIND THAT DEFENDANT NOT GUILTY.

FOR YOU TO FIND THAT THE GOVERNMENT HAS PROVEN THIS ESSENTIAL ELEMENT, YOU MUST DETERMINE THAT THE GOVERNMENT HAS PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS ACTING OUTSIDE THE BOUNDS OF PROFESSIONAL MEDICAL PRACTICE, AS HIS AUTHORITY TO PRESCRIBE CONTROLLED SUBSTANCES WAS BEING USED NOT FOR TREATMENT OF A PATIENT, BUT FOR THE PURPOSE OF ASSISTING ANOTHER IN THE MAINTENANCE OF A DRUG HABIT OR DISPENSING CONTROLLED SUBSTANCES FOR OTHER THAN A LEGITIMATE MEDICAL PURPOSE, IN OTHER WORDS, THE PERSONAL PROFIT OF THE PHYSICIAN.

PUT ANOTHER WAY, THE GOVERNMENT MUST PROVE AS TO EACH COUNT BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DISPENSED THE SPECIFIC CONTROLLED SUBSTANCE OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT WITHIN THE BOUNDS OF PROFESSIONAL MEDICAL PRACTICE.

A PHYSICIAN'S OWN METHODS DO NOT THEMSELVES ESTABLISH WHAT CONSTITUTES MEDICAL PRACTICE. IN DETERMINING WHETHER THE DEFENDANT'S CONDUCT WAS WITHIN THE BOUNDS OF PROFESSIONAL PRACTICE, YOU SHOULD, SUBJECT TO THE INSTRUCTIONS I GIVE YOU CONCERNING THE CREDIBILITY OF EXPERTS AND OTHER WITNESSES, CONSIDER THE TESTIMONY YOU HAVE HEARD RELATING TO WHAT HAS BEEN CHARACTERIZED DURING THE TRIAL AS THE NORMS OF PROFESSIONAL PRACTICE.

YOU SHOULD ALSO CONSIDER THE EXTENT TO WHICH, IF AT ALL, ANY VIOLATION OF PROFESSIONAL NORMS YOU FIND TO HAVE BEEN COMMITTED BY THE DEFENDANT INTERFERED WITH HIS TREATMENT OF HIS PATIENTS AND CONTRIBUTED TO AN OVER PRESCRIPTION AND/OR EXCESSIVE DISPENSATION OF CONTROLLED SUBSTANCES. YOU SHOULD CONSIDERED THE DEFENDANT'S ACTIONS AS A WHOLE AND THE CIRCUMSTANCES SURROUNDING THEM. A PHYSICIAN'S CONDUCT MAY CONSTITUTE A VIOLATION OF APPLICABLE PROFESSIONAL REGULATIONS AS WELL AS APPLICABLE CRIMINAL STATUTES. HOWEVER, A VIOLATION OF A PROFESSIONAL REGULATION DOES NOT IN AND OF ITSELF ESTABLISH A VIOLATION OF THE CRIMINAL LAW. AS I JUST INDICATED, IN DETERMINING WHETHER OR NOT THE DEFENDANT IS GUILTY OF THE CRIMES WITH WHICH HE IS CHARGED, YOU SHOULD CONSIDER THE TOTALITY OF HIS ACTIONS AND THE CIRCUMSTANCES SURROUNDING THEM AND THE EXTENT AND SEVERITY OF ANY VIOLATIONS OF PROFESSIONAL NORMS YOU FIND HE COMMITTED.

AN ACT IS DONE KNOWINGLY IF DONE VOLUNTARILY AND INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.  THE PURPOSE OF ADDING THE WORD KNOWINGLY TO PART OF THE PROOF IS TO ENSURE THAT NO ONE WILL BE CONVICTED OF SUCH A CRIME BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

AN ACT IS DONE WILLFULLY IF DONE VOLUNTARILY AND INTENTIONALLY AND WITH THE SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS.  THAT IS TO SAY, WITH BAD PURPOSE EITHER TO DISOBEY OR DISREGARD THE LAW.

THE GOVERNMENT MAY PROVE THAT THE DEFENDANT ACTED "KNOWINGLY" BY PROVING, BEYOND A REASONABLE DOUBT, THAT THIS DEFENDANT DELIBERATELY CLOSED HIS EYES TO WHAT WOULD OTHERWISE HAVE BEEN OBVIOUS TO HIM.  NO ONE CAN AVOID RESPONSIBILITY FOR A CRIME BY DELIBERATELY IGNORING WHAT IS OBVIOUS.  A FINDING BEYOND A REASONABLE DOUBT OF AN INTENT OF THE DEFENDANT TO AVOID KNOWLEDGE OR ENLIGHTENMENT WOULD PERMIT THE JURY TO FIND KNOWLEDGE.  STATED ANOTHER WAY, A PERSON'S KNOWLEDGE OF A PARTICULAR FACT MAY BE SHOWN FROM A DELIBERATE OR INTENTIONAL IGNORANCE OR DELIBERATE OR INTENTIONAL BLINDNESS TO THE EXISTENCE OF THAT FACT.

IT IS, OF COURSE, ENTIRELY UP TO YOU AS TO WHETHER YOU FIND ANY DELIBERATE IGNORANCE OR DELIBERATE CLOSING OF THE EYES AND ANY INFERENCES TO BE DRAWN FROM ANY SUCH EVIDENCE.

20

YOU MAY NOT CONCLUDE THAT THE DEFENDANT HAD KNOWLEDGE, HOWEVER, FROM PROOF OF A MISTAKE, NEGLIGENCE, CARELESSNESS, OR A BELIEF IN AN INACCURATE PROPOSITION.

WITH RESPECT TO A PORTION OF COUNT 1 AND AS TO PARTS OF COUNTS 11 AND 12, IF YOU DETERMINE THAT THE DEFENDANT DISPENSED AND DISTRIBUTED THE CONTROLLED SUBSTANCES IN VIOLATION OF THE LAW AS I HAVE GIVEN IT TO YOU, YOU MUST THEN DETERMINE WHETHER OR NOT DEATH AND SERIOUS BODILY INJURY RESULTED FROM THE DISPENSING AND DISTRIBUTING OF THE CONTROLLED SUBSTANCES.

"DEATH", OF COURSE, MEANS EXACTLY THAT, THAT AN INDIVIDUAL HAS DIED. YOU MUST DETERMINE FROM THE EVIDENCE, BEYOND A REASONABLE DOUBT, WHETHER OR NOT LARRY SHEALY DIED FROM USING THE CONTROLLED SUBSTANCES DISPENSED AND DISTRIBUTED BY THE DEFENDANT. IT IS NOT NECESSARY, HOWEVER, FOR THE GOVERNMENT TO PROVE THAT SHEALY'S DEATH WAS THE INTENDED OR FORESEEABLE RESULT OF THE DEFENDANT'S DISPENSING AND DISTRIBUTING OF THE CONTROLLED SUBSTANCES.

THE TERM SERIOUS BODILY INJURY MEANS BODILY INJURY WHICH INVOLVES: A) A SUBSTANTIAL RISK OF DEATH, B) PROTRACTED AND OBVIOUS DISFIGUREMENT, OR C) PROTRACTED LOSS OR IMPAIRMENT OF THE FUNCTION OF A BODILY MEMBER, ORGAN OR MENTAL FACULTY. TITLE 21, UNITED STATES CODE, § 802(25)

THERE HAS BEEN SOME MENTION IN THIS CASE FROM TIME TO TIME OF THE STANDARD OF CARE. DURING THE TRIAL THE WORDS MEDICAL MALPRACTICE MAY HAVE BEEN USED. THOSE WORDS RELATE TO CIVIL

21

ACTIONS. WHEN YOU GO TO SEE A DOCTOR, AS A PATIENT, THAT DOCTOR MUST TREAT YOU IN A WAY SO AS TO MEET THE STANDARD OF CARE THAT PHYSICIANS OF SIMILAR TRAINING WOULD HAVE GIVEN YOU UNDER THE SAME OR SIMILAR CIRCUMSTANCES. AND IF THEY FALL BELOW THAT LINE OR WHAT A REASONABLE PHYSICIAN WOULD HAVE DONE, THEN THEY HAVE NOT EXERCISED THAT STANDARD OF CARE, WHICH MAKES THEM NEGLIGENT AND WHICH SUBJECTS THEMSELVES TO SUITS FOR MALPRACTICE.

THAT IS NOT WHAT WE'RE TALKING ABOUT. WE'RE NOT TALKING ABOUT THIS PHYSICIAN ACTING BETTER OR WORSE THAN OTHER PHYSICIANS. WE'RE TALKING ABOUT WHETHER OR NOT THIS PHYSICIAN PRESCRIBED A CONTROLLED SUBSTANCE OUTSIDE THE BOUNDS OF HIS PROFESSIONAL MEDICAL PRACTICE.

THE GUILT OF A DEFENDANT IN A CRIMINAL CASE MAY BE PROVED WITHOUT EVIDENCE THAT THE DEFENDANT PERSONALLY DID EVERY ACT INVOLVED IN THE COMMISSION OF THE CRIME CHARGED. THE LAW RECOGNIZES THAT, ORDINARILY, ANYTHING A PERSON CAN DO FOR ONE'S SELF MAY ALSO BE ACCOMPLISHED THROUGH DIRECTION OF ANOTHER PERSON AS AN AGENT, OR BY ACTING TOGETHER WITH, OR UNDER THE DIRECTION OF, ANOTHER PERSON OR PERSONS IN A JOINT EFFORT.

SO, IF THE ACTS OR CONDUCT OF AN AGENT, EMPLOYEE OR OTHER ASSOCIATE OF THE DEFENDANT ARE WILLFULLY DIRECTED OR AUTHORIZED BY THE DEFENDANT, OR IF THE DEFENDANT AIDS AND ABETS ANOTHER PERSON BY WILLFULLY JOINING TOGETHER WITH THAT PERSON IN THE COMMISSION OF A CRIME, THEN THE LAW HOLDS THE DEFENDANT

RESPONSIBLE FOR THE CONDUCT OF THAT OTHER PERSON JUST AS THOUGH THE DEFENDANT HAD PERSONALLY ENGAGED IN SUCH CONDUCT.

HOWEVER, BEFORE ANY DEFENDANT CAN BE HELD CRIMINALLY RESPONSIBLE FOR THE CONDUCT OF OTHERS IT IS NECESSARY THAT THE DEFENDANT WILLFULLY ASSOCIATE IN SOME WAY WITH THE CRIME, AND WILLFULLY PARTICIPATE IN IT. MERE PRESENCE AT THE SCENE OF A CRIME AND EVEN KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE NOT SUFFICIENT TO ESTABLISH THAT A DEFENDANT EITHER DIRECTED OR AIDED AND ABETTED THE CRIME. YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS A WILLFUL PARTICIPANT AND NOT MERELY A KNOWING SPECTATOR.

WHETHER THE GOVERNMENT HAS PROVEN A SINGLE OR MULTIPLE CONSPIRACIES IS A QUESTION OF FACT FOR THE JURY. A SINGLE CONSPIRACY CAN BE FOUND IN A CASE INVOLVING MULTIPLE TRANSACTIONS WHERE THERE IS AN OVERLAP OF KEY ACTORS, METHODS AND GOALS, INDICATING ONE OVERALL AGREEMENT OR ONE GENERAL BUSINESS VENTURE. HOWEVER, A PARTICULAR CO-CONSPIRATOR NEED NOT BE INVOLVED IN EVERY PHASE OF THE CONSPIRACY TO BE DEEMED A PARTICIPANT IN A SINGLE, ONGOING CONSPIRACY.

FINALLY, I INSTRUCT YOU THAT PROOF OF AN OVERT ACT (OR ACTIVE STEP) IN FURTHERANCE OF THE CONSPIRACY IS NOT REQUIRED TO SUSTAIN A DRUG CONSPIRACY CONVICTION. INSTEAD, THE EVIDENCE IS SUFFICIENT IF IT PROVES THESE THREE ELEMENTS: THAT IS, THAT THERE WAS AN AGREEMENT TO VIOLATE THE FEDERAL DRUG LAW, THAT THE DEFENDANT KNEW OF THE CONSPIRACY, AND THAT THE DEFENDANT KNOWINGLY AND VOLUNTARILY BECAME A PART OF THE CONSPIRACY.

I WILL NOW DEFINE CERTAIN TERMS RELEVANT TO THESE CHARGES. YOU SHOULD APPLY THESE DEFINITIONS AS YOU DELIBERATE ON THE EVIDENCE AND SEEK TO REACH A VERDICT.

IF I DO NOT FURTHER DEFINE WORDS OR TERMS, YOU SHOULD APPLY THEIR ORDINARY, EVERYDAY MEANINGS

A. "ON OR ABOUT" - THE INDICTMENT CHARGES THAT CERTAIN EVENTS OR CONDUCT OCCURRED "ON OR ABOUT" A SPECIFIC DATE. THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE EVENTS OR CONDUCT OCCURRED ON THE EXACT DATES ALLEGED. RATHER, IT IS SUFFICIENT IF THEY OCCURRED ON A DATE REASONABLY NEAR THE DATE STATED IN THE INDICTMENT.

B. "KNOWINGLY" - THE WORD KNOWINGLY, AS USED IN THE INDICTMENT AND IN THIS INSTRUCTION, MEANS THAT THE ACT IN QUESTION WAS DONE VOLUNTARILY AND INTENTIONALLY, NOT BY MISTAKE OR ACCIDENT.

C. "WILLFULLY" - THE WORD WILLFULLY, AS USED IN THE INDICTMENT AND IN THIS INSTRUCTION, MEANS THAT AN ACT WAS COMMITTED VOLUNTARILY AND ON PURPOSE – AGAIN, NOT BY MISTAKE OR ACCIDENT. IN OTHER WORDS, A PERSON ACTS "WILLFULLY" WHEN HE ACTS WITH SPECIFIC INTENT TO VIOLATE THE LAW OR TO AVOID A KNOWN LEGAL DUTY.

D. "CONTROLLED SUBSTANCE" - MEANS A DRUG OR OTHER SUBSTANCE, OR IMMEDIATE PRECURSOR, INCLUDED IN SCHEDULE II.

E. "DISPENSE" - MEANS TO DELIVER A CONTROLLED SUBSTANCE TO AN ULTIMATE USER OR RESEARCH SUBJECT BY, OR PURSUANT TO THE LAWFUL ORDER OF, A PRACTITIONER INCLUDING THE PRESCRIBING AND ADMINISTERING OF A CONTROLLED SUBSTANCE AND THE PACKAGING, LABELING OR COMPOUNDING NECESSARY TO PREPARE THE SUBSTANCE FOR SUCH DELIVERY. THE TERM "DISPENSER" MEANS A PRACTITIONER WHO SO DELIVERS A CONTROLLED SUBSTANCE TO AN ULTIMATE USER OR RESEARCH SUBJECT.

F. "DISTRIBUTE" - MEANS TO DELIVER (OTHER THAN BY ADMINISTERING OR DISPENSING) A CONTROLLED SUBSTANCE OR A LISTED CHEMICAL. THE TERM "DISTRIBUTOR"MEANS A PERSON WHO SO DELIVERS A CONTROLLED SUBSTANCE OR A LISTED CHEMICAL.

G. "PRACTITIONER" - MEANS A PHYSICIAN, DENTIST, VETERINARIAN, SCIENTIFIC INVESTIGATOR, PHARMACY, HOSPITAL, OR OTHER PERSON LICENSED, REGISTERED, OR OTHERWISE PERMITTED, BY THE UNITED STATES OR THE JURISDICTION IN WHICH HE PRACTICES OR DOES RESEARCH, TO DISTRIBUTE, DISPENSE, CONDUCT RESEARCH WITH RESPECT TO, ADMINISTER, OR USE IN TEACHING OR CHEMICAL ANALYSIS, A CONTROLLED SUBSTANCE IN THE COURSE OF PROFESSIONAL PRACTICE OR RESEARCH.

H. "PRESCRIPTION" - MEANS AN ORDER FOR MEDICATION WHICH IS DISPENSED TO OR FOR AN ULTIMATE USER BUT DOES NOT INCLUDE AN ORDER FOR MEDICATION WHICH IS DISPENSED FOR IMMEDIATE ADMINISTRATION TO THE ULTIMATE USER. (e.g., AN ORDER TO DISPENSE A DRUG TO A BED PATIENT FOR IMMEDIATE ADMINISTRATION IN A HOSPITAL IS NOT A PRESCRIPTION.)

### DUTY TO DELIBERATE

WHEN YOU RETIRE TO THE JURY ROOM, YOU SHOULD FIRST ELECT ONE FROM AMONG YOU TO SERVE AS YOUR FOREPERSON. THE FOREPERSON YOU SELECT WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR THE JURY HERE IN COURT.

AFTER ELECTING YOUR FOREPERSON, YOU SHOULD DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT

FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD.  BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION.  DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.  IN OTHER WORDS, DO NOT CHANGE YOUR OPINION SOLELY FOR THE SAKE OF REACHING A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.  YOU ARE JUDGES - JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

### CONSIDERATION OF EVIDENCE

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS.  HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE - THAT IS ENTIRELY FOR YOU TO DECIDE.

THE ARGUMENTS AND STATEMENTS OF THE ATTORNEYS ARE NOT EVIDENCE.  IF YOU REMEMBER THE FACTS DIFFERENTLY FROM THE WAY THE ATTORNEYS HAVE STATED THEM, YOU SHOULD BASE YOUR DECISION ON WHAT YOU REMEMBER.

### RETURN OF VERDICT

YOUR VERDICT AS TO EACH COUNT MUST BE UNANIMOUS, WHICH SIMPLY MEANS ALL TWELVE OF YOU MUST AGREE.  AFTER YOU HAVE REACHED A UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON WILL FILL IN THE

FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT AND ADVISE THE MARSHAL  OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN TO THE COURTROOM.

### COMMUNICATING WITH THE COURT

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE MARSHAL, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY.  NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING; AND I WILL COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANYTHING CONCERNING THE CASE ONLY IN WRITING, OR ORALLY HERE IN OPEN COURT.  REMEMBER THAT YOU ARE NOT TO TELL ANYONE - INCLUDING ME - HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.